**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TANISHA A. BROWN (pro se)<br>　　　　Plaintiff,<br>　　v.<br><br>LA ALLIANCE FOR HUMAN RIGHTS, NETFLIX, GIBSON & DUNN, LOS ANGELES COUNTY, LAHSA<br>　　　　Defendant. | Case No. 2:20-cv-02291-DOC-KES<br>2:2025cv07678,  2:2025cv07677,<br><br>**EMERGENCY EX PARTE MOTION ENFORCED FOR PLANTIFF TANISHA A. BROWN and LEAD COUNSEL** |

Plaintiff, Tanisha A. Brown, appearing pro se, respectfully submits this Emergency Ex Parte Motion due to ongoing identity misuse, unauthorized filings, blocked access, misappropriated funds, and infringement of intellectual property, and requests immediate judicial review in connection with the hearing scheduled Monday, February 10, 2026.

[PUBLIC REQUEST TO ADDRESS THE BOARD OF SUPERVISORS COUNTY OF LOS ANGELES, CALIFORNIA](#)

**I. Pro Se Status and Unauthorized Representation**

Plaintiff appears pro se and is the sole party responsible for all filings in these cases. No organization, including LA Alliance for Human Rights, is authorized to act on Plaintiff's behalf unless explicitly designated. Any prior listing of counsel without Plaintiff's consent constitutes unauthorized representation and may amount to fraud on the court.

**II. Fraud on the Court**

Plaintiff requests relief due to a pattern of procedural mismanagement and misrepresentation under Judge Fernando L. Aenlle-Rocha, including:

- Misrepresentation of Plaintiff's filings and identity
- Denial of previously approved Temporary Restraining Orders (TROs)
- Unnoticed case transfers affecting jurisdiction over financial disbursements
- Unauthorized or altered filings submitted in Plaintiff's name

These actions have caused irreparable financial, professional, and reputational harm, interfered **with Plaintiff's rights, and prevented lawful participation in court proceedings.**

**III. Emergency Relief Requested – Monday Appearance**

**Plaintiff requests:**

1. Permission to personally appear at the February 10, 2026 hearing to provide first-hand testimony regarding procedural irregularities, misrepresentation, and fraud on the court.
2. Court Marshall or Deputy to ensure Plaintiff is not prevented from attending the hearing.
3. Consideration of supporting documentation, including TRO orders, workers' compensation proof, and evidence of misappropriated filings.

**IV. Emergency Relief Requested – Settlement Funds and Accounting**

- Confirmation of Distribution: Plaintiff requests immediate verification of whether any settlement, award, or funds related to Case No. 2:25-cv-07678-FLA-KES or related matters have been distributed.
- Identification of Recipients: Plaintiff requests disclosure of who received such funds, amounts disbursed, and authority for the disbursement.
- Immediate Release of Funds: Plaintiff requests any funds rightfully belonging to her — including amounts tied to her intellectual property, authorship, and governance frameworks — be released immediately.
- Connection to Fraud on the Court: Withholding or misallocation of funds is part of ongoing interference and mismanagement under Judge Aenlle-Rocha.

**V. Justification for Emergency Relief**

Plaintiff suffers ongoing and irreparable harm from:

1. Unauthorized Use of Plaintiff's IP and Frameworks
   - Plaintiff's federally recognized frameworks — ATTRACT, Reimagine, Creating Spaces, and Dreamgirl™ — have been used without authorization in Netflix programs such as *"Banking On Us" (2021–2025)*, as well as in other media content, corporate projects, and financial initiatives.
   - These actions have caused financial loss, reputational harm, and diversion of federal and community resources intended to benefit underserved populations.
2. Corporate and Legal Mismanagement
   - Netflix, Apple, Google, TKO, Bank of America, Chase, and related parties have engaged in financial, corporate, and media activities involving Plaintiff's IP without proper authorization or compensation.
   - Despite Plaintiff's engagement of counsel, funds remain withheld, further aggravating financial and procedural harm.
3. Procedural Due Process Concerns
   - Plaintiff has relied on the Ninth Circuit's Perfecting Your Appeal: A Simple **Guide** to the Proper and Timely Preparation of Your Appeal (Dec. 2009) in good faith. Portions of this guide are outdated and fail to provide equitable protection for litigants, contributing to delays, confusion, and risk of procedural forfeiture, including withheld funds and mismanaged filings.
4. Public and Federal Harm
   - Plaintiff's frameworks support federally funded housing, community, and equity programs. Misuse of these programs by defendants directly harms vulnerable communities and diverts public resources from their intended purpose.

2

Immediate court intervention is necessary to protect Plaintiff's rights, restore her role in proceedings, ensure equitable treatment in filings and hearings, prevent irreparable harm to Plaintiff, and safeguard public programs.

**VI. Relevance of Systemic Equity Initiatives Across Industries**

Los Angeles County has formally recognized systemic disparities affecting Black residents through initiatives such as the Anti-Racism, Diversity, and Inclusion (ARDI) initiative and the Black People Experiencing Homelessness (BPEH) Implementation Steering Committee.

- These programs are designed to identify and remedy structural barriers contributing to disproportionate rates of homelessness, economic marginalization, and inequitable access to housing and public services.
- The harms Plaintiff suffers — including unauthorized use of her intellectual property, diversion of federally funded programs, and obstruction of her lawful participation — occur within a broader context of systemic inequities disproportionately affecting Black women and Black communities.
- These inequities are amplified across multiple high-impact industries in which Plaintiff's frameworks have been applied or misappropriated, including real estate, sports, music, fashion, and media.
- Immediate court intervention is necessary not only to protect Plaintiff's rights and intellectual property but also to safeguard public resources and programs intended to support vulnerable populations, consistent with the County's equity-focused mandates.

**VII. Federal Oversight and Black Women**

Federal oversight of Los Angeles' homelessness programs, including actions by U.S. District Judge David O. Carter, demonstrates ongoing efforts to audit and manage public funds. Despite this, Black women continue to face disproportionate risk of financial, social, and procedural harm.

Plaintiff's experience — including misappropriation of IP and diversion of federally tied programs in real estate, sports, music, fashion, and media — illustrates these systemic failures. Immediate judicial intervention is necessary to protect Plaintiff's rights and address inequities disproportionately affecting Black women.

**VIII. Intervene to February 10, 2026 Hearing**

Plaintiff additionally objects to the Order setting the February 10, 2026 hearing, as the scheduling does not accommodate Plaintiff's need for:

- Adequate preparation and review of pending distributions
- Verification of unauthorized actions affecting her case
- Consideration of ongoing harms from procedural inconsistencies and corporate/media mismanagement

Plaintiff respectfully requests that the Court:

1. Adjust the hearing date to allow sufficient time for review;
2. Ensure notice and access to all relevant filings and corporate/financial reports;
3. Maintain the protections and oversight afforded by the existing TRO; and
4. Consider Plaintiff's pro se status and ongoing harms caused by procedural and systemic inequities.

3

**IX. Outstanding Discovery**

Plaintiff notes that **Netflix discovery remains incomplete and has not been received**, despite the discovery process having been conducted under **Magistrate Judge Karen E. Scott**, the current magistrate overseeing this case.

The lack of access to this discovery **prevents Plaintiff from fully preparing for the February 10, 2026 hearing**, reviewing pending distributions, and verifying unauthorized actions affecting her programs and intellectual property.

This continued delay **exacerbates irreparable harm**, including:

- Misappropriation of Plaintiff's frameworks (ATTRACT, Reimagine, Creating Spaces, Dreamgirl™) without compensation or acknowledgment
- Diversion of federal and public resources tied to Plaintiff's programs
- Ongoing procedural and systemic inequities impacting Black women and underserved communities

Plaintiff respectfully requests that the Court **ensure immediate access to all outstanding discovery**, including Netflix's submissions, so that Plaintiff may meaningfully participate in the proceedings and protect her rights and programs.

**IX. Certification**

I certify that this filing is made in good faith, not for improper purposes, and solely to safeguard Plaintiff's rights, intellectual property, and equitable judicial review.

**Respectfully submitted,**

**Dated: 02/08/2026**

**/s/ Tanisha A. Brown**
**Tanisha A. Brown, Plaintiff Pro Se**
**5565 Canoga Ave #317**
**Woodland Hills, CA 91367**

DATED: _____, 2025        _____
                                                HON. DAVID O. CARTER

4